DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

# FIRST AMENDED CHAPTER 13 PLAN (INDIVIDUAL ADJUSTMENT OF DEBTS)
DOCKET #13-17056-fjb

**DEBTORS:** (H)  Patrick G. McCabe          SS#  9319
            (W)                              SS#

## I. PLAN PAYMENT AND TERM

Debtor(s) shall pay monthly to the Trustee the sum of $640.00 for the term of:

☐ 36 Months - 11 U.S.C. §1325(b)(4)(A)(i);

☐ 60 Months - 11 U.S.C. §1325(b)(4)(A)(ii);

☒ 60 Months - 11 U.S.C. §1322(d)(2) - Debtor avers the following cause: in order for the Debtor to cure his mortgage arrearages in full based upon his available income, the Debtor needs to extend his plan payment beyond thirty-six months

☐ ____ Months - Debtor states as reasons therefore:

## II. SECURED CLAIMS

A.  CREDITORS SECURED ONLY BY PRIMARY RESIDENCE (705 Walnut Street, Fall River, MA)

Regular mortgage payments and arrearage to be paid as follows:
( )   outside plan/1st and 2nd mortgage is current and paid to (name of mortgagee)
(X)   outside plan/1st mortgage postpetition payments to be paid directly to (name of mortgagee) Chase Mortgage
( )   regular mortgage payments and arrears to be paid through plan
(X)   arrearage only to be paid through the plan as follows:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| 1st - Chase Mortgage | Mortgage Arrearage | $32,411.61 |
| 2nd - Mass Housing | Appraisal Fee | $100.00 |

B.  CLAIMS TO BE PAID THROUGH THE PLAN (ARREARAGE ONLY)

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| 1. | | |

C.  CLAIMS TO BE PAID DIRECTLY BY DEBTOR TO CREDITORS (Not through Plan)

| Creditor | Description of Claim |
|---|---|
| 1. | |

D.  MODIFICATION OF SECURED CLAIMS:

| Creditor | Details of Modification | Amount of Claim to Be Paid Through the Plan |
|---|---|---|
| 1. | | |
| 2. | | |

E.  LEASES

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of _____ ; or

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of _____ .

iii. The arrears under the lease to be paid under the plan are _____ .

**Total of Secured Claims to be Paid Through the Plan:**          $32,511.61

### III. PRIORITY CLAIMS

A. Domestic Support Obligations

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| 1. None | | $ |

B. All Other Priority Creditors

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| 1. | | |
| 2. | | |

**Total of Priority Claims to be Paid Through the Plan:**      **$0.00**

### IV. ADMINISTRATIVE CLAIMS

A. Attorney's fees:                                                                      $2,000.00
   (to be paid in first 12 months of plan)

B. Miscellaneous Fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| 1. None | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United State Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of __0.0__ % of their claims.

A. General Unsecured Claims:  $0.00

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| 1. None | | $ |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| 1. | | |

**Total of A + B + C General Unsecured Claims:**  $0.00

D. Multiply total by percentage of dividend:  $0.00

E. Separately classified unsecured claims (co-borrower/student loan, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| 1. None | | $ |

**Total Amount of Separately Classified Claims Payable at _____ %:**  $

## VI. OTHER PROVISIONS

A. Liquidation of real estate or other assets: (attach additional information as exhibit if necessary).

B. Miscellaneous Provisions:

## VII. CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---|
| c) | Secured Claims (Section II total) | $32,511.61 |
| d) | Priority Claims (Section III total) | $0.00 |
| e) | Administrative Claims (Section IV A + B total) | $2,000.00 |
| f) | Regular Unsecured Claims (Section V A - D total) | $0.00 |
| g) | Separately Classified Unsecured Claims (Section V E) | $0.00 |
| h) | Total of a + b + c + d + e above: | $34,511.61 |
| i) | Divide (f) by .90 for total including Trustee's Fee    Cost of Plan | $38,346.23 |
| j) | Divide (g) Cost of Plan by Term of Plan | 60 months |
| k) | Round up to nearest dollar:    Monthly Plan Payment | $640.00 |

Pursuant to 11 U.S.C. §1326(a)(1), unless the Court orders otherwise, a debtor shall commence making payments proposed by this plan within thirty (30) days after the plan is filed.

Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## VIII. LIQUIDATION ANALYSIS

I. Real Estate (located at):

|  | Fair Market Value | Liens | Exemption | Available Chap. 7 |
|---|---|---|---|---|
| A. 705 Walnut St Fall River, MA | $223,000.00 | $145,000.00 | $78,000.00 | $0.00 |
|  |  |  | Net Value Equity: | $0.00 |

Basis for Exemption: MGL c. 188 §
If Homestead Exemption, date of recording: N/A
Value Determined By: CMA

II. Automobile (describe year, make, model):

|  | Value | Liens | Exemption | Available Chap. 7 |
|---|---|---|---|---|
| A. 1998 Plymouth Breese | $1,200.00 | $0.00 | $1,200.00 | $0.00 |
| B. 2000 Nissan Maxima | $1,600.00 | $0.00 | $1,600.00 | $0.00 |
|  |  |  | Net Value Equity: | $0.00 |

Basis for Exemption: MGL c. 235 §34(16)(17)
Value Determined By: Fair Market Value

III. Household Goods:

|  | Value | Exemption | Available Chap. 7 |
|---|---|---|---|
| A. Furnishings/Household Goods/Computer | $2,300.00 | $2,300.00 | $0.00 |
|  |  | Net Value Equity: | $0.00 |

Basis for Exemption: MGL c. 235 §34(2)
Value Determined By: FMV

IV. Other Assets:

|   |   | Value | Exeption | Chap. 7 |
|---|---|---|---|---|
| A. | Clothing | $100.00 | $100.00 | $0.00 |
| B. | Bank Accounts | $1,800.00 | $1,800.00 | $0.00 |
| C. | Tools | $500.00 | $500.00 | $0.00 |
| D. | Cash | $100.00 | $100.00 | $0.00 |
| E. | Sporting Goods | $100.00 | $100.00 | $0.00 |
| F. | 1972 Hawkin Boat | $500.00 | $500.00 | $0.00 |
| G. | 1975 Renkin Boat | $500.00 | $500.00 | $0.00 |
|   |   |   | Net Value Equity: | $0.00 |

Basis for Exemption: MGL c. 235 §34(1)(2)(15)(17)
Value Determined By: FMV

In the event of a liquidation under Chapter 7, I would claim the Federal exemptions YES ( ) NO (X) or the State exemptions YES(X) NO(X) based on which the unsecured creditors would receive: **0.00%**

/s/ Heather J. Lynham                                    04/01/14
Debtor's Counsel                                          Date


I declare under the pains and penalties of perjury that the foregoing is true and correct to the best of my knowledge and belief.

/s/ Patrick G. McCabe                                    04/01/14
Debtor                                                    Date

## CERTIFICATE OF SERVICE

I, Heather J. Lynham, hereby certify that on this 1st of April, 2014, I served a copy of the Amended Chapter 13 Plan by mailing same first class, postage prepaid to the following:

Patrick McCabe
705 Walnut Street
Apt. 2
Fall River, MA 02720


E-Mail Service via the Court's CM/ECF system which sent notification of such filing to the following:

John Fitzgerald
Office of the US Trustee
USTPRegion01.BO.ECF@USDOJ.GOV

Carolyn Bankowski-13
Chapter 13 Trustee Boston
13trustee@ch13boston.com

Benjamin O. Adeyinka
Orlans Moran
bankruptcy@orlansmoran.com

Sarah B. Gullon
Shechtman Halperin Savage, LLP
sgullon@shslawfirm.com



/s/ Heather J. Lynham
Heather J. Lynham, Esq.